### McMURRAY v. PRYOR.

No. 15906—Opinion Filed Nov. 3. 1925.

(Syllabus.)

**Appeal and Error—Disposition of Cause—Lack of Jurisdiction Below—Reversal with Directions to Dismiss.**

Where, after judgment is rendered against certain of several parties, from which an appeal is lodged here, this court determines the district court had no jurisdiction to render the same against such parties, such appeal will be sustained and said cause reversed, with directions to dismiss same as to the persons and matters over which this court has previously determined the district court had no jurisdiction.

Error from District Court, Hughes County; Geo. C. Crump, Judge.

Action between W. W. Pryor and J. F. McMurray. From the judgment, the latter appeals. Reversed.

Arnote, McCain & Emery, for plaintiff in error.

Pryor, Stokes & Carver, for defendant in error.

BRANSON, V. C. J. J. F. McMurray prosecutes error in this court to reverse a judgment rendered in favor of W. W. Pryor, in the district court of Hughes county, Okla., at the March term, 1924. In the district court of said county, the American National Bank of McAlester, Okla., had been made garnishee, the said bank being the stakeholder of a certain special fund on which J. F. McMurray sought to enforce a special lien in a suit filed in the district court of Pittsburg county, on the 31st day of May, 1923. In the interplea filed in said cause by him, the alleged claim of the said McMurray fully appeared. The trial court, however, rendered judgment on the pleadings, in favor of the plaintiff in the court below, to wit, Pryor. Later, the said McMurray filed a motion to vacate and set aside said judgment, the effect of which judgment was to deprive McMurray of his special property right in the fund held by the American National Bank of McAlester.

This court in consolidated cases numbered 15269 and 15903, reported in 108 Okla., page 32, in 235 Pac. page 234, entered a judgment in prohibition against the district court of Hughes county, determining it had no jurisdiction in the matter now here. For the reasons herein given, this judgment should be reversed as per the prayer of plaintiff in error's petition, with directions that the judgment, except in so far as it is against the defendant Swift, be set aside for want of jurisdiction.

NICHOLSON, C. J., and HARRISON, MASON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 4 C. J. p. 1189, § 3225 (Anno).